**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
YOLANDA VASQUEZ, on behalf of herself and  :
all others similarly situated,   :
:
:
Plaintiff,   :  Civil Action No.
:
vs.   :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
NATIONAL ENTERPRISE SYSTEMS, INC.   :
:
Defendant.   :
:
―――――――――――――――――――― X

Plaintiff YOLANDA VASQUEZ (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant NATIONAL ENTERPRISE SYSTEMS, INC. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.  Plaintiff demands a jury trial on all issues.

## PARTIES

6.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.  Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.  Based upon information and belief defendant NATIONAL ENTERPRISE SYSTEMS, INC. ("NES") is a corporation organized under the laws of the State of Ohio

with its principle place of business located in 2479 Edison Blvd., Unit A, Twinsburg, Ohio 44087.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant NATIONAL ENTERPRISE SYSTEMS INC., in the form attached as Exhibit A and/or B, in which Navient Solutions LLC is listed as the current creditor, and which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether the Defendant were seeking to collect on a time-barred debt;
    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and

    appropriate statutory formula to be applied in determining such damages and restitution; and

  e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to August 6, 2018, Plaintiff allegedly incurred a financial obligation to Navient or its predecessor related to Plaintiff's student loan at the Sanford Brown Institute ("the Student Loan Obligation" or "the Debt").

17. The Student Loan Obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Student Loan Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Navient and/or its predecessor are each a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to August 6, 2018, Navient, either directly or through intermediate transactions assigned, placed or transferred the Student Loan obligation to Defendant for collection.

21. At the time the Student Loan Obligation was assigned, placed or transferred to Defendant, the Student Loan Obligation was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated August 6, 2018 concerning the alleged Student Loan Obligation, which sought to collect an amount owed of $30,259.43. Attached as Exhibit A is a copy of the August 6, 2018 collection letter.

23. The August 6, 2018 collection letter was Defendant's initial communication to Plaintiff for the Student Loan Obligation.

24. On November 4, 2018, Defendant also sent a collection letter to Plaintiff seeking to collect the Student Loan Obligation. Attached as Exhibit B is a copy of the November 4, 2018 collection letter.

25. The August 6, 2018 and November 4, 2018 collection letters were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. The August 6, 2018 and November 4, 2018 letters were each a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the August 6, 2018 and November 4, 2018 collection letters.

28. The August 6, 2018 collection letter, as Defendant's initial communication to Plaintiff, provides the debt verification notice required by section 1692g of the FDCPA.

29. However, the August 6, 2018 collection letter provides two addresses for Defendant.

30. The first address located at the top and bottom right of the August 6 collection letter indicates an address of 2479 Blvd., Unit A, Twinsburg, OH 44087.

31. The second address located at the bottom left of the August 6 collection letter is PO BOX 1280 Oaks, PA 19456-1280.

32. However, the August 6 collection letter fails to indicate which of the two addresses the debt verification letter should be sent to, rending it deceptive, misleading and confusing and not complying with section 1692g of the FDCPA.

33. Furthermore, neither collection letter indicates to which address payment should be made.

34. Also, the August 6, 2018 collection letter did not identify the name of the original creditor.

35. The Student Loan obligation was originally taken out on or about May 11, 2005.

36. The last payment made on the Student Loan by Plaintiff was on or about April 23, 2010, with no further monthly payments being made.

37. Since the date of last payment was on or about April 23, 2010, the applicable six-year statute of limitations related to the Student Loan obligation expired prior to the August 6, 2018.

38. Neither collection letter informs Plaintiff that the applicable statute of limitations has expired and therefore any legal liability to the Student Loan obligation has also already expired.

39. The fact that both collection letters indicate that interest, collection costs and other charges were accruing would imply to the least sophisticated consumer that the Student Debt obligation was legally enforceable despite the fact that the statute of limitations has already passed.

40. Additionally, both the August 6 and November 4 collection letters provide:

> As of the date of this letter you owe $XX,XXX.XX. Because of interest, collection costs and other charges that may vary from day to day the amount due on the day you pay may be greater. Hence, if you pay $XX,XXX.XX, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

41. However, since "collection costs" and "other charges" did not vary day from day the above statement was not accurate.

42. Furthermore, the balance of $30,259.43 in the August 6, 2018 collection letter and the balance of $30,739.04 in the collection letter of November 4, 2018 each includes interest, collection charges, and other charges which Defendant was not entitled to collect on behalf of Navient from Plaintiff.

43. Defendant regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

44. Based upon information and belief, Defendant regularly sent letters seeking to collect student loan debts which were time-barred.

45. Based upon information and belief, Defendant regularly sent letters seeking to collect debts, which were time-barred and did not inform the consumer that the applicable statute of limitations had passed.

9

46. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ (M.D.Fla)

47. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

48. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

49. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

50. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

51. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

52. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

53. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

54. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

55. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

56. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

57. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

58. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

59. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for

bankruptcy, etc.

60. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

61. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) By making false representations of the character or legal status of a debt; and
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

62. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

63. Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length.

64. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

65. By sending a collection letter, the same as or substantially similar to the August 6, 2018 and/or November 4, 2018 collection letters, in which the collection letter, among other things, sought to collect on a time-barred debt, failed to give the original creditor's name, sought to collect more interest, fees, collection charges and/or other charges, Defendant violated:

- A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;
- B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;
- C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;
- D. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;
- E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;
- F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,
- G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.
- H. 15 U.S.C. §1692g, by failing to identify the name of the original creditor.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
          August 6, 2019

>                        Respectfully submitted,
>
>                        By: s/ Lawrence C. Hersh
>                            Lawrence C. Hersh, Esq.
>                            17 Sylvan Street, Suite 102B
>                            Rutherford, NJ  07070
>                            (201) 507-6300
>                            *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 6, 2019                              By: s/ Lawrence C. Hersh
                                                                                     Lawrence C. Hersh, Esq

EXHIBIT A

**NES**

NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340

August 6, 2018

Yolanda Vasquez

Current Creditor: Navient Solutions LLC
Debt Description: SANFORD-BROWN INSTITUTE
Account Number: ██████1250
FDR Account Number: ██████8029
NES Account Number: ██████CO01
Please contact: (855) 569-5600

**Balance: $30,259.43**

The above referenced current creditor has placed your account with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter you owe $30,259.43. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $30,259.43, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

IONNESI02701SM__043998

NNESI02
Box 1280
ks, PA 19456-1280

DRESS SERVICE REQUESTED

Daytime Phone: (___) ___-____
Evening Phone: (___) ___-____

*RSONAL & CONFIDENTIAL*
nda Vasquez

200

**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

August 6, 2018                    ██2404
Account #:              ██████1250

EXHIBIT B

**NES**
NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340

November 4, 2018

Yolanda Vasquez

Current Creditor: Navient Solutions LLC
Debt Description: SANFORD-BROWN INSTITUTE
Account Number: ▮▮▮▮1250
FDR Account Number: ▮▮▮▮8029
NES Account Number: ▮▮▮▮CO01
Please contact: (855) 569-5600

**Balance: $30,739.04**

We have been authorized to settle your account, in full, for something less than the balance in full. Please contact this office if you would like to discuss this offer.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter you owe $30,739.04. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $30,739.04, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02783SM_115670691

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

| PAYMENT BY: (___) CHECK | ☐ VISA  ☐ MasterCard |
|---|---|
| CARD NUMBER | EXP. DATE / |
| CARDHOLDER SIGNATURE      DATE | AMOUNT $ |

Yolanda Vasquez

200

NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

November 4, 2018      ▮▮▮2404      NO

Account #: ▮▮▮▮1250
Balance:   $30,739.04
Daytime Phone: (___) ___-_____
Evening Phone: (___) ___-_____