<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 14, 2021

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
*Attorney for Plaintiff*

Nicholas M. Gaunce
Eckert Seamans Cherin & Mellott, LLC
2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648
*Attorney for Defendant*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:** *Yolanda Vasquez v. National Enterprise Systems, Inc.*,
**Civil Action No. 19-16418 (SDW) (AME)**

Counsel:

Before this Court is Defendant National Enterprise Systems, Inc.'s ("Defendant") Motion to Compel Arbitration and Dismiss Plaintiff Yolanda Vasquez's ("Plaintiff") class action complaint (D.E. 1) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendant's motion.

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On April 8, 2006, Plaintiff signed a loan application and Promissory Note ("Note")[1] to obtain a private education loan ("Student Loan") from Stillwater National Bank through Sallie Mae, Inc. ("Sallie Mae").[2]   (*See* Compl. ¶ 16; D.E. 21-3 at 4.) The Note's terms governed Plaintiff's Student Loan and contained an arbitration provision stating, in part:

---

[1] Defendant filed the Note as part of Exhibit 1 to Exhibit B at D.E. 21-3.

[2] Neither Sallie Mae nor Stillwater National Bank are parties to this action.

> Q. ARBITRATION AGREEMENT – READ CAREFULLY
> You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. . . .
>
> 1. RIGHT TO REJECT-I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. . . .[3]
>
> 2. IMPORTANT WAIVERS AND WARNING-If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"). . . .

(Note § Q.)[4]  Significantly, the arbitration provision included the following broad definitions for "You" and "I":

> "I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing.  "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof.  It also includes any party named as a co-defendant with you in a Claim asserted by me, such as . . . loan servicers[ and] debt collectors . . . .

(*Id.* at § Q.3.)  The arbitration provision further defined the "Claim[s]" subject to arbitration to include "any claim, dispute or controversy . . . that arises from or relates in any way to the Note, including . . . any dispute relating to: [] the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note" as well as disputes concerning "arbitrability" and "violation of statute."  (*Id.*)

Sometime after Plaintiff obtained her loan, Sallie Mae created Navient Solutions, LLC ("Navient") to handle student loan servicing issues.  (*See* D.E. 21-4 at 1 n.1.)  Plaintiff alleges that the Student Loan thereafter went into default and Navient "assigned, placed or transferred" the Student Loan to Defendant, a debt collection agency.  (Compl. ¶¶ 15, 20–21.)  Defendant sent Plaintiff a letter on August 6, 2018, seeking to collect an outstanding balance of $30,259.43.  (*Id.* ¶ 22.)  Defendant sent Plaintiff another collection letter on November 4, 2018.  (*Id.* ¶ 24.)

Plaintiff filed the instant suit on August 6, 2019, on behalf of herself and all others similarly situated, alleging that Defendant's attempts to collect on Plaintiff's outstanding Student Loan balance violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

---

[3] There is no indication in the record that Plaintiff rejected the arbitration provision.

[4] The Note's arbitration provision specified that it "shall be governed by the FAA."  (Note § Q.8.)

(Compl. ¶¶ 64, 65.)  Defendant subsequently filed the instant motion and the parties timely completed briefing.  (D.E. 21, 25, 29.)

## II.    LEGAL STANDARD

The FAA was enacted to ensure the enforcement of private arbitration agreements.  *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable").  "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement."  *Ellin v. Credit One Bank*, Civ. No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015); *see Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009).  To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts."  *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

## III.   DISCUSSION

Plaintiff does not dispute the validity of the Note or its arbitration provision, nor does she contend that she timely rejected the arbitration provision.  Rather, Plaintiff argues that she is not required to arbitrate disputes with Defendant because Defendant is neither a signatory to the Note nor authorized by its arbitration provision to compel arbitration.  (*See* D.E. 25 at 8–15.)  According to Plaintiff, "there is no basis in the arbitration provision for a third-party debt collector," such as Defendant, "to elect or initiate arbitration, unless it is a co-defendant in a lawsuit with another enumerated party, such as the creditor or Sallie Mae."  (*Id.* at 8.)  Plaintiff further contends that Defendant cannot compel arbitration because Defendant "[does] not work[] on behalf of Sallie Mae, but only on behalf of Navient."  (*Id.* at 10.)

The language of the Note's arbitration provision is clear that the following parties can compel arbitration: (1) the lender (*i.e.*, Stillwater National Bank); (2) any subsequent holder of the Note; (3) Sallie Mae; (4) any affiliate or subsidiary of Sallie Mae (*e.g.*, Navient); (5) parents, subsidiaries, and affiliates of these entities; (6) predecessors, successors, and assigns of these entities; and (7) officers, directors, and employees of these entities.  (*See* Note § Q.3.)[5]  The provision's plain language, specifically its fifth listed grouping, expressly permits affiliates of

---

[5] This already extensive list is followed by *another* scenario, introduced by the words "[i]t also includes," in which a debt collector is explicitly entitled to compel arbitration as a co-defendant in a lawsuit with other enumerated entities.  (*See* Note § Q.3.)  Although Plaintiff argues that Defendant *must* be a co-defendant with another enumerated party to compel arbitration, a debt collector sued alongside another enumerated party is only one scenario—not the only scenario—covered by the broad language of the provision.  The language "[i]t also includes" indicates an intention to expand, not narrow, the scope of who may enforce the provision.  In contrast, in cases cited by Plaintiff, (*see* D.E. 25 at 12–13), the applicable agreements contained restrictive language that expressly prohibited debt collectors from compelling arbitration unless they were named as co-defendants.  *See, e.g.*, *Cohen v. Wolpoff & Abramson, LLP*, Civ. No. 08-1084, 2008 WL 4513569, at *3 (D.N.J. Oct. 2, 2008) ("'we' and 'us' shall mean any third party . . .including but not limited to . . . debt collectors. . . *if, and only if*, such a third party is named by you as a codefendant" (emphasis added)); *Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F. Supp. 2d 640, 645 (E.D. Va. 2006) (same).

3

Sallie Mae's affiliates to compel arbitration. Defendant is therefore entitled to enforce the provision's terms as an affiliate of Navient, a Sallie Mae affiliate.

Even without such express language, Defendant would still be entitled to compel arbitration as Navient's agent tasked with collecting Plaintiff's debt. *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121 (3d Cir. 1993) ("Because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." (citations omitted)); *see also George v. Rushmore Serv. Ctr., LLC*, Civ. No. 18-13698, 2020 WL 2319293, at *2 (D.N.J. May 11, 2020) (permitting defendant debt collector to compel arbitration of FDCPA claim because debt collector was agent of creditor's affiliate).

Plaintiff's FDCPA claim is also within the scope of claims covered by the Note's broad arbitration provision. Plaintiff's FDCPA claim arises from Defendant's attempts to collect on the outstanding balance on her Student Loan, which she obtained by signing the Note. The Note's arbitration provision encompasses "any claim[] . . . that arises from or relates in any way to the Note," and any "disputes involving alleged . . . violation of statute." (Note § Q.3.) Plaintiff's FDCPA claim falls into both of these categories and must therefore be arbitrated. *See, e.g.*, *Bowker v. Midland Funding, LLC*, Civ. No. 18-11320, 2020 WL 5743044, at *3 (D.N.J. Sept. 25, 2020) (granting motion to compel arbitration because FDCPA claim "clearly f[ell] within the category of 'any dispute or claim'"); *George v. Midland Funding, LLC*, Civ. No. 18-15830, 2019 WL 2591163, at *4 (D.N.J. June 25, 2019) (holding that FDCPA claims were covered by credit card agreement's arbitration provision that "broadly incorporate[d] any claim related to the [a]greement").

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration is **GRANTED** and this matter shall be **DISMISSED**.[6] An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Andre M. Espinosa, U.S.M.J.

---

[6] Because Plaintiff's sole claim is subject to arbitration, nothing remains to be litigated before this Court. Plaintiff's request to stay this proceeding pending arbitration, (*see* D.E. 25 at 16), is therefore denied.